# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CLARENCE ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL K. SILVA,<br><br>　　　　Defendant. | Case No. 1:18-cv-01612-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 7)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Hector Clarence Anderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On January 2, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 6.) Plaintiff's first amended complaint, filed on January 17, 2019, is currently before the Court for screening. (ECF No. 7.) Plaintiff also requests appointment of counsel.

### I.    Motion for Appointment of Counsel

Plaintiff's amended complaint includes the title "Motion to Appoint Councel." (ECF No. 7.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

1

Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff's amended complaint includes no information supporting the request for appointment of counsel. Indeed, the amended complaint is silent as to the basis for that request. Therefore, the Court cannot find the required exceptional circumstances. Moreover, even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases involving claims filed by prisoners proceeding pro se and in forma pauperis almost daily. Accordingly, Plaintiff's motion for the appointment of counsel is DENIED.

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is currently housed at the L.A. County Fire Camp in Action, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Sierra Conservation Center ("SCC"), in Jamestown, California. Plaintiff names Daniel K. Silva, the vocational welding instructor at SCC, as the sole defendant.

Plaintiff asserts a violation of his right to be free from cruel and unusual punishment and to be free from sexual harassment. In relevant part, Plaintiff alleges as follows:

> Defendant Silva gave false testimony to bring disciplinary action upon me 5 times. Defendant Silva challenged me to mutual combat to bring disciplinary action upon me twice. Defendant Silva called me his "Bitch." [¶] Defendant Silva abused his position of employment in the CDCR to sexually [harass] me.

(ECF No. 7 at 3.) As relief, Plaintiff seeks an award of damages.

### IV. Discussion

#### A. Federal Rule of Civil Procedure 8

As with his original complaint, Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to

3

relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's amended complaint is short, but not a plain statement of his claims. Plaintiff's amended complaint lacks clear factual allegations, and the Court cannot determine what happened, when it happened or what claims he is attempting to pursue. Despite being provided with the relevant pleading standards, Plaintiff has been unable to cure this deficiency.

### B. False Rules Violations

As with his original complaint, Plaintiff again asserts that Defendant Silva lied to bring disciplinary action against Plaintiff. The creation of false evidence, standing alone, is not actionable under § 1983. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); Johnson v. Felker, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Accordingly, Plaintiff's amended complaint fails to state a cognizable claim against Defendant Silva based on the allegedly false statements and resulting disciplinary actions.

### C. Sexual Harassment

Plaintiff appears to allege sexual harassment resulting from a statement made by Defendant Silva. Plaintiff's allegations regarding sexual harassment implicate the Eighth Amendment to the United States Constitution. Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012). However, the Eighth Amendment's protections do not generally extend to mere verbal sexual harassment. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Blueford v. Prunty, 108 F.3d 251, 256 (9th Cir. 1997) (affirming summary judgment in favor of prison officials where "the only arguably sexually harassing conduct... was verbal"); Blacher v. Johnson, 517 Fed.Appx. 564 (9th Cir. 2013) (finding that Eighth Amendment's protections did not extend to mere verbal sexual harassment) (citation omitted).

Plaintiff's complaint fails to state a cognizable Eighth Amendment claim based on an allegation of a single incident of verbal sexual harassment or a verbal challenge to engage in combat. Plaintiff's conclusory assertion of sexual harassment is not sufficient to state a cognizable claim. Despite being provided with the relevant legal standard, Plaintiff has been unable to cure the deficiencies in this claim.

**V.     Conclusion and Recommendation**

Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails state a cognizable claim for relief. Despite being provided with the pleading and legal standards applicable to his claims, Plaintiff has been unable to cure the deficiencies in his amended complaint. Thus, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS that this action be dismissed for Plaintiff's failure to state a claim upon which relief may granted pursuant to 28 U.S.C. § 1915A.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 7, 2019**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE