# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CLARENCE ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL K. SILVA,<br><br>Defendant. | Case No. 1:18-cv-01612-LJO-BAM (PC)<br><br>ORDER DENYING MOTION TO REOPEN TIME TO FILE APPEAL<br><br>(ECF. No. 18) |

Plaintiff Hector Clarence Anderson ("Plaintiff"), a state prisoner, proceeded *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On February 20, 2019, the Court dismissed this action, with prejudice, due to Plaintiff's failure to state a claim. (ECF No. 10.) Judgment was entered accordingly the same date. (ECF No. 11.)

On March 21, 2019, Plaintiff filed a motion for an extension of time to file a notice of appeal, but provided no reason for the requested extension of time. (ECF No. 12.) The Court denied the motion on April 4, 2019 pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). (ECF No. 13.) On April 8, 2019, Plaintiff nevertheless filed a notice of appeal as to the Court's February 20, 2019 dismissal order and judgment. (ECF No. 14.) That appeal was dismissed by the United States Court of Appeals for the Ninth Circuit on April 23, 2019, for lack of jurisdiction. (ECF No. 17.)

///

1

Thereafter, on May 20, 2019, Plaintiff filed a motion to reopen the time to file an appeal of the Court's April 4, 2019 order.[1]  (ECF No. 18.)  Plaintiff does not provide a reason for the request.

As Plaintiff was previously informed, a notice of appeal must be filed within thirty days after entry of the judgment or order appealed from.  Fed. R. App. P. 4(a)(1)(A).  Notices of appeal filed by inmates confined in an institution are considered timely if deposited in the institution's internal mail system on or before the last day for filing.  Fed. R. App. P. 4(c).  Combined with the prison mailbox rule, Fed. R. Civ. P. 6(d), any appeal of the Court's February 20, 2019 judgment was due on or before March 25, 2019.

The Court may extend the time to file a notice of appeal if a party moves for the extension before the 30 days expires, and the party "shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).  Plaintiff provided no explanation for his original motion for an extension of time to file an appeal, and in the instant motion, provides no grounds for reconsideration of the Court's original order.  Therefore, there is no basis for the Court to reopen the time for Plaintiff to file his notice of appeal.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to reopen the time to file a notice of appeal, (ECF No. 18), is DENIED.

IT IS SO ORDERED.

Dated: __**June 27, 2019**__        __**/s/ Lawrence J. O'Neill**__
                                                                          UNITED STATES CHIEF DISTRICT JUDGE

---

[1] Plaintiff also filed a second notice of appeal with respect to the Court's final judgment entered on February 20, 2019.  (ECF No. 19.)  This appeal was dismissed by the Ninth Circuit on June 26, 2019, again for lack of jurisdiction.  (ECF No. 21.)  As explained in that order, Plaintiff failed to file or deliver the notice of appeal to prison officials within 30 days after this Court's entry of judgment, which duplicated Plaintiff's earlier dismissed appeal.  (Id.)