# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CLARENCE ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SILVA,<br><br>　　　　Defendant. | Case No. 1:18-cv-01612-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT<br><br>(ECF No. 23) |

Plaintiff Hector Clarence Anderson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 7, 2019, the assigned Magistrate Judge issued findings and recommendations recommending dismissal of this action, with prejudice, for failure to state a claim upon which relief may be granted. (ECF No. 8.) Plaintiff timely filed objections on February 19, 2019, (ECF No. 9), and the undersigned adopted the findings and recommendations on February 20, 2019, (ECF No. 10). Judgment was entered accordingly the same date. (ECF No. 11.)

On March 21, 2019, Plaintiff filed a motion for extension of time to file a notice of appeal. (ECF No. 12.) As Plaintiff did not provide a reason for the requested extension of time, the motion was denied. (ECF No. 13.)

On April 8, 2019, Plaintiff nevertheless filed a notice of appeal as to the Court's February 20, 2019 dismissal order and judgment. (ECF No. 14.) That appeal was dismissed by the United

1

States Court of Appeals for the Ninth Circuit on April 23, 2019, for lack of jurisdiction. (ECF No. 17.)

Thereafter, on May 20, 2019, Plaintiff filed a motion to reopen the time to file an appeal of the Court's April 4, 2019 order, together with a second notice of appeal with respect to the Court's final judgment entered February 20, 2019. (ECF Nos. 18, 19.) Again, as Plaintiff did not provide a reason for his motion to reopen the time to file an appeal, the motion was denied. (ECF No. 22.) Similarly, the Ninth Circuit dismissed his second appeal for lack of jurisdiction on June 26, 2019. (ECF No. 21.)

On July 10, 2019, Plaintiff filed a motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60. (ECF No. 23.) As Plaintiff had also filed motions to reconsider in the two closed appeals, the Court deferred ruling on the motion. See Anderson v. Silva, Case No. 19-15696, Doc. 5, filed May 8, 2019; Anderson v. Silva, Case No. 19-16075, Doc. 9, filed July 8, 2019. Both motions for reconsideration were denied by the Ninth Circuit, (ECF Nos. 24, 25), and therefore Plaintiff's motion for relief from judgment or order is currently before the Court.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court

to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff's motion again fails to set forth any grounds for relief from the Court's final judgment, aside from his attempts to file appeals to the Ninth Circuit. Although the filing is more than fifty pages in length, all but two pages are merely attached exhibits of filings submitted to or orders received from the Ninth Circuit, and Plaintiff provides no explanation as to their relevance or significance to his motion. Ultimately, this action was dismissed due to Plaintiff's failure to state a cognizable claim for relief. Plaintiff was provided an opportunity to file objections to the Magistrate Judge's findings and recommendations, and those objections were fully considered in the Court's order adopting the findings and recommendations. The instant motion provides no information regarding what new or different facts, circumstances, or law he might present that were not already raised in his objections, and thus no basis for overturning the Court's judgment.

Accordingly, Plaintiff's Rule 60(b) motion for relief from judgment, (ECF No. 23), is DENIED. This action remains closed.

IT IS SO ORDERED.

Dated: **November 6, 2019**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE